UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

CHANEL, INC.,

       Plaintiff,

v.

MIXMUGSTEES.COM a/k/a
MIXMUGSTEES, an individual, partnership, or
unincorporated association,

       Defendant.
_____/

## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Plaintiff, Chanel, Inc. ("Plaintiff" or "Chanel"), hereby sues Defendant, the Individual, Partnership, and Unincorporated Association identified in the caption, which is set forth on Schedule "A" hereto ("Defendant"). Defendant is promoting, selling, offering for sale, and distributing goods bearing counterfeits and confusingly similar imitations of Chanel's trademarks within this district through a website operating a domain name (the "Subject Domain Name") and the e-commerce storefront operating via the platform shopify.com under the seller identification (the "Seller ID") set forth on Schedule "A" hereto (collectively, the "Subject Domain Name and Seller ID"). In support of its claims, Chanel alleges as follows:

### JURISDICTION AND VENUE

1. This is an action for federal trademark counterfeiting and infringement, false designation of origin, common law unfair competition, and common law trademark infringement pursuant to 15 U.S.C. §§ 1114, 1116, and 1125(a), and The All Writs Act, 28 U.S.C. § 1651(a). Accordingly, this Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338. This Court has supplemental jurisdiction pursuant to 28

U.S.C. § 1367 over Chanel's state law claims because those claims are so related to the federal claims that they form part of the same case or controversy.

2. Defendant is subject to personal jurisdiction in this district, because it directs business activities toward and conducts business with consumers throughout the United States, including within the State of Florida and this district, through at least the Internet website and Seller ID accessible in Florida and operating under its Subject Domain Name and Seller ID.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 since a substantial part of the events giving rise to Chanel's claims occurred within this district.

## THE PLAINTIFF

4. Chanel is a corporation organized under the laws of the State of New York with its principal place of business in the United States located at Nine West 57th Street, New York, New York 10019. Chanel operates boutiques throughout the world, including within this district. Chanel is, in part, engaged in the business of manufacturing and distributing throughout the world, including within this district, a variety of high quality luxury goods under multiple world famous common law and federally registered trademarks, as discussed in Paragraph 14 below, and identified in Schedule "B" hereto. Chanel offers for sale and sells its trademarked goods within the State of Florida, including this district. Defendant, through the sale and offering for sale of counterfeit and infringing Chanel branded products, is directly, and unfairly, competing with Chanel's economic interests in the State of Florida and causing Chanel harm within this jurisdiction.

5. Like many other famous trademark owners in the luxury goods market, Chanel suffers ongoing daily and sustained violations of its trademark rights at the hands of counterfeiters and infringers, such as Defendant herein, who wrongfully reproduce and counterfeit Chanel's

2

trademarks for the twin purposes of (i) duping and confusing the consuming public and (ii) earning substantial profits. The natural and intended byproduct of Defendant's actions is the erosion and destruction of the goodwill associated with the Chanel name and associated trademarks and the destruction of the legitimate market sector in which it operates.

6.     In order to combat the harm caused by the combined actions of Defendant and others engaging in similar conduct, each year Chanel expends significant monetary resources in connection with trademark enforcement efforts, including legal fees, investigative fees, and support mechanisms for law enforcement, such as field training guides and seminars. The recent explosion of counterfeiting over the Internet has created an environment that requires companies, such as Chanel, to expend significant time and money across a wide spectrum of efforts in order to protect both consumers and itself from the ill effects of confusion and the erosion of the goodwill connected to Chanel's brand.

## **THE DEFENDANT**

7.     Defendant is individual and/or business entity of unknown makeup, who, upon information and belief, either resides and/or operates in foreign jurisdictions with lax trademark enforcement systems, or redistributes products from the same or similar sources in those locations. Defendant has the capacity to be sued pursuant to Federal Rule of Civil Procedure 17(b). Defendant targets its business activities toward consumers throughout the United States, including within this district, and conducts pervasive business through the operation of, at least, one fully interactive commercial Internet website operating under the Subject Domain Name.

8.     Defendant is the past and present controlling force behind the sale of products bearing counterfeits and infringements of Chanel's trademarks as described herein using at least the Subject Domain Name and Seller ID.

3

9. Upon information and belief, Defendant directly engages in unfair competition with Chanel by advertising, offering for sale, and selling goods bearing counterfeits and infringements of one or more of Chanel's trademarks to consumers within the United States and this district through Internet website operating, at least, via the Subject Domain Name, via the Seller ID, and additional websites, names or seller identification aliases not yet known to Chanel. Defendant has purposefully directed some portion of its illegal activities towards consumers in the State of Florida through the advertisement, offer to sell, sale, and/or shipment of counterfeit and infringing Chanel-branded goods into the State.

10. Defendant has registered, established or purchased, and maintained its website and Subject Domain Name as well as the Seller ID. Upon information and belief, Defendant has engaged in fraudulent conduct with respect to the registration of the Subject Domain Name and Seller ID by providing false and/or misleading information to its registrar or to the third-party marketplace and/or social media websites where it offers for sale and/or sell, during the registration or maintenance process. Upon information and belief, Defendant has anonymously registered and maintained the Subject Domain Name and Seller ID for the sole purpose of engaging in illegal counterfeiting activities.

11. Upon information and belief, Defendant will continue to register or acquire new domain names s for the purpose of selling and offering for sale goods bearing counterfeit and confusingly similar imitations of one or more of Chanel's trademarks unless preliminarily and permanently enjoined.

12. Defendant's Internet-based business amounts to nothing more than an illegal operation established and operated in order to infringe the intellectual property rights of Chanel and others.

13. Defendant's business name, i.e., the Subject Domain Name and Seller ID, associated payment accounts, and any other alias domain names and/or seller identification names used in connection with the sale of counterfeit and infringing goods bearing one or more of Chanel's trademarks, are essential components of Defendant's online activities and are one of the means by which Defendant furthers its counterfeiting and infringement scheme and causes harm to Chanel. Moreover, Defendant is using Chanel's famous brand name and trademarks to drive Internet consumer traffic to its website operating under the Subject Domain Name and its e-commerce store operating under the Seller ID, thereby increasing the value of the Subject Domain Name and Seller ID, and decreasing the size and value of Chanel's legitimate marketplace and intellectual property rights at Chanel's expense.

## COMMON FACTUAL ALLEGATIONS

### Plaintiff's Business and Trademark Rights

14. Chanel is the owner of all rights in and to the trademarks identified on Schedule "B" hereto (collectively, the "Chanel Marks"), which are valid and registered on the Principal Register of the United States Patent and Trademark Office. The Chanel Marks are used in connection with the manufacture and distribution of high quality goods in the categories also identified on Schedule "B." True and correct copies of the Certificates of Registration for the Chanel Marks are attached hereto as Composite Exhibit "1."

15. The Chanel Marks have been used in interstate commerce to identify and distinguish Chanel's high quality goods for an extended period of time.

16. The Chanel Marks have been used and owned by Chanel long prior in time to Defendant's use of copies of those Marks. The Chanel Marks have never been assigned or licensed to the Defendant in this matter.

17. The Chanel Marks are symbols of Chanel's quality, reputation, and goodwill and have never been abandoned. Chanel has carefully monitored and policed the use of the Chanel Marks.

18. The Chanel Marks are well-known and famous and have been for many years. Chanel has expended substantial time, money, and other resources developing, advertising, and otherwise promoting the Chanel Marks. The Chanel Marks qualify as famous marks as that term is used in 15 U.S.C. § 1125(c)(1).

19. Further, Chanel has extensively used, advertised, and promoted the Chanel Marks in the United States in association with the sale of high quality luxury goods. Chanel has spent millions of dollars promoting the Chanel Marks and products bearing the Chanel Marks. In recent years, annual sales of products bearing the Chanel Marks have totaled in the hundreds of millions of dollars within the United States.

20. As a result of Chanel's efforts, members of the consuming public readily identify merchandise bearing or sold under the Chanel Marks, as being high quality luxury goods sponsored and approved by Chanel.

21. Accordingly, the Chanel Marks have achieved secondary meaning as identifiers of high quality luxury goods.

22. Genuine goods bearing the Chanel Marks are widely legitimately advertised and promoted by Chanel, its authorized distributors, and unrelated third parties via the Internet. Over the course of the past ten years, visibility on the Internet, particularly via Internet search engines such as Google, Yahoo!, and Bing has become increasingly important to Chanel's overall marketing and consumer education efforts. Thus, Chanel expends significant monetary resources on Internet marketing and consumer education, including search engine optimization ("SEO")

strategies. Those strategies allow Chanel and its authorized retailers to fairly and legitimately educate consumers about the value associated with the Chanel brand and the goods sold thereunder.

### Defendant's Infringing Activities

23. Upon information and belief, Defendant is promoting and advertising, distributing, selling, and/or offering for sale goods, including cases for telephones, protective covers for portable electronic devices, including cell phones in interstate commerce bearing counterfeit and infringing trademarks that are exact copies of the Chanel Marks (the "Counterfeit Goods") through at least the Internet website operating under the Subject Domain Name and the e-commerce store operating under the Seller ID. Specifically, upon information and belief, Defendant is using identical copies of the Chanel Marks for different quality goods. Chanel has used the Chanel Marks extensively and continuously before Defendant began offering counterfeit and confusingly similar imitations of Chanel's merchandise.

24. Upon information and belief, Defendant's Counterfeit Goods are of a quality substantially and materially different than that of Chanel's genuine goods. Defendant, upon information and belief, are actively using, promoting and otherwise advertising, distributing, selling, and/or offering for sale substantial quantities of its Counterfeit Goods with the knowledge and intent that such goods will be mistaken for the genuine high quality goods offered for sale by Chanel despite Defendant's knowledge that it is without authority to use the Chanel Marks. The net effect of Defendant's actions will cause confusion of consumers, at the time of initial interest, sale, and in the post-sale setting, who will believe Defendant's Counterfeit Goods are genuine goods originating from, associated with, and approved by Chanel.

25. Defendant advertises its Counterfeit Goods for sale to the consuming public via a website using, at least, the Subject Domain Name and an e-commerce store using, at least, the Seller ID. In so advertising these goods, Defendant improperly and unlawfully uses one or more of the Chanel Marks without Chanel's permission. Indeed, Defendant herein misappropriated Chanel's advertising ideas and methods of doing business with regard to the advertisement and sale of Chanel's genuine goods. Upon information and belief, the misappropriation of Chanel's advertising ideas in the form of the Chanel Marks is the proximate cause of damage to Chanel.

26. As part of its overall infringement and counterfeiting scheme, Defendant is, upon information and belief, all employing and benefitting from substantially similar, paid advertising and marketing strategies based, in large measure, upon an illegal use of counterfeits and infringements of the Chanel Marks. Specifically, Defendant is using counterfeits and infringements of Chanel's famous name and the Chanel Marks in order to make its website selling illegal goods appear more relevant and attractive to consumers online. By its actions, Defendant has created an illegal marketplace operating in parallel to the legitimate marketplace for Chanel's genuine goods. Defendant is causing harm to Chanel and the consuming public by (i) depriving Chanel and other third parties of their right to fairly compete for space within search engine results and reducing the visibility of Chanel's genuine goods on the World Wide Web, (ii) causing an overall degradation of the value of the goodwill associated with the Chanel Marks, and (iii) increasing Chanel's overall cost to market its goods and educate consumers about its brand via the Internet.

27. Upon information and belief, Defendant is targeting its counterfeiting and infringing activities toward consumers and causing harm within this district and elsewhere

throughout the United States. As a result, Defendant is defrauding Chanel and the consuming public for Defendant's own benefit.

28. Upon information and belief, at all times relevant hereto, Defendant had full knowledge of Chanel's ownership of the Chanel Marks, including its exclusive right to use and license such intellectual property and the goodwill associated therewith.

29. Defendant's use of the Chanel Marks, including the promotion and advertisement, reproduction, distribution, sale, and offering for sale of its Counterfeit Goods, is without Chanel's consent or authorization.

30. Defendant is engaging in the above-described illegal counterfeiting and infringing activities knowingly and intentionally or with reckless disregard or willful blindness to Chanel's rights for the purpose of trading on Chanel's goodwill and reputation. If Defendant's intentional counterfeiting and infringing activities are not preliminarily and permanently enjoined by this Court, Chanel and the consuming public will continue to be harmed.

31. Defendant's above identified infringing activities are likely to cause confusion, deception, and mistake in the minds of consumers, the public, and the trade before, during, and after the time of purchase. Moreover, Defendant's wrongful conduct is likely to create a false impression and deceive customers, the public, and the trade into believing there is a connection or association between Chanel's genuine goods and Defendant's Counterfeit Goods, which there is not.

32. Upon information and belief, Defendant's payment and financial accounts are being used by Defendant to accept, receive, and deposit profits from Defendant's trademark counterfeiting and infringing and unfairly competitive activities connected to its Subject Domain Name and Seller ID, and any other alias seller identification names being used and/or controlled

9

by it.

33. Further, upon information and belief, Defendant is likely to transfer or secret its assets to protect its unjust profits and avoid payment of any monetary judgment awarded to Chanel.

34. Chanel has no adequate remedy at law.

35. Chanel is suffering irreparable injury and has suffered substantial damages as a result of Defendant's unauthorized and wrongful use of the Chanel Marks. If Defendant's counterfeiting and infringing, and unfairly competitive activities are not preliminarily and permanently enjoined by this Court, Chanel and the consuming public will continue to be harmed.

36. The harm and damages sustained by Chanel have been directly and proximately caused by Defendant's wrongful reproduction, use, advertisement, promotion, offers to sell, and sale of its Counterfeit Goods.

## COUNT I - TRADEMARK COUNTERFEITING AND INFRINGEMENT PURSUANT TO § 32 OF THE LANHAM ACT (15 U.S.C. § 1114)

37. Chanel hereby adopts and re-alleges the allegations set forth in Paragraphs 1 through 36 above.

38. This is an action for trademark counterfeiting and infringement against Defendant based on its use of counterfeit and confusingly similar imitations of the Chanel Marks in commerce in connection with the promotion, advertisement, distribution, offering for sale, and sale of the Counterfeit Goods.

39. Defendant is promoting and otherwise advertising, selling, offering for sale, and distributing goods using counterfeits and/or infringements of one or more of the Chanel Marks. Defendant is continuously infringing and inducing others to infringe the Chanel Marks by using one or more of them to advertise, promote, sell and/or offer to sell counterfeit and infringing goods.

40. Defendant's counterfeiting and infringing activities are likely to cause and actually are causing confusion, mistake, and deception among members of the trade and the general consuming public as to the origin and quality of Defendant's Counterfeit Goods.

41. Defendant's unlawful actions have caused and are continuing to cause unquantifiable damages to Chanel and are unjustly enriching Defendant with profits at Chanel's expense.

42. Defendant's above-described illegal actions constitute counterfeiting and infringement of the Chanel Marks in violation of Chanel's rights under § 32 of the Lanham Act, 15 U.S.C. § 1114.

43. Chanel has suffered and will continue to suffer irreparable injury and damages due to Defendant's above described activities if Defendant is not preliminarily and permanently enjoined. Additionally, Defendant will continue to wrongfully profit from its illegal activities.

## COUNT II - FALSE DESIGNATION OF ORIGIN PURSUANT TO § 43(a) OF THE LANHAM ACT (15 U.S.C. § 1125(a))

44. Chanel hereby adopts and re-alleges the allegations set forth in Paragraphs 1 through 36 above.

45. Upon information and belief, Defendant's Counterfeit Goods bearing, offered for sale, and sold using copies of at least one of the Chanel Marks have been widely advertised and offered for sale throughout the United States via at least one Internet website.

46. Defendant's Counterfeit Goods bearing, offered for sale, and sold using copies of at least one of the Chanel Marks are virtually identical in appearance to Chanel's genuine goods. However, Defendant's Counterfeit Goods are different and likely inferior in quality. Accordingly, Defendant's activities are likely to cause confusion in the trade and among the general public as to at least the origin or sponsorship of its Counterfeit Goods.

11

47. Defendant, upon information and belief, has used in connection with its advertisement, offer for sale, and sale of its Counterfeit Goods, false designations of origin and false descriptions and representations, including words or other symbols and trade dress, which tend to falsely describe or represent such goods and have caused such goods to enter into commerce with full knowledge of the falsity of such designations of origin and such descriptions and representations, all to Chanel's detriment.

48. Defendant has authorized infringing uses of at least one of the Chanel Marks in Defendant's advertisement and promotion of its counterfeit and infringing branded goods. Defendant has misrepresented to members of the consuming public that the Counterfeit Goods being advertised and sold by it are genuine, non-infringing goods.

49. Additionally, Defendant is using counterfeits and infringements of the Chanel Marks in order to unfairly compete with Chanel and others for space within search engine organic results, thereby depriving Chanel of a valuable marketing and educational tool which would otherwise be available to Chanel and reducing the visibility of Chanel's genuine goods on the World Wide Web.

50. Defendant's above-described actions are in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

51. Chanel has no adequate remedy at law, and has sustained injury and damage caused by Defendant's conduct. Absent an entry of an injunction by this Court, Defendant will continue to wrongfully reap profits and Chanel will continue to suffer irreparable injury to its goodwill and business reputation, as well as monetary damages.

## COUNT III - COMMON LAW UNFAIR COMPETITION

52. Chanel hereby adopts and re-alleges the allegations set forth in Paragraphs 1

through 36 above.

53. This is an action against Defendant based on its promotion, advertisement, distribution, sale and/or offering for sale, of goods bearing marks that are virtually identical, both visually and phonetically, to the Chanel Marks in violation of Florida's common law of unfair competition.

54. Defendant is promoting and otherwise advertising, selling, offering for sale, and distributing goods bearing counterfeits and infringements of at least one of the Chanel Marks. Defendant is also using counterfeits and infringements of the Chanel Marks to unfairly compete with Chanel and others for (1) space in search engine results across an array of search terms and (2) visibility on the World Wide Web.

55. Defendant's infringing activities are likely to cause and actually are causing confusion, mistake, and deception among members of the trade and the general consuming public as to the origin and quality of Defendant's products by its use of the Chanel Marks.

56. Chanel has no adequate remedy at law and is suffering irreparable injury and damages as a result of Defendant's actions. Moreover, Defendant is receiving and retaining profits from its illegal activities.

**COUNT IV - COMMON LAW TRADEMARK INFRINGEMENT**

57. Chanel hereby adopts and re-alleges the allegations set forth in Paragraphs 1 through 36 above.

58. This is an action for common law trademark infringement against Defendant based on its promotion, advertisement, offering for sale, and sale of its Counterfeit Goods bearing at least one of the Chanel Marks. Chanel is the owner of all common law rights in and to the Chanel Marks.

59. Specifically, Defendant, upon information and belief, is promoting, and otherwise advertising, distributing, offering for sale, and selling goods bearing infringements of at least one of the Chanel Marks.

60. Defendant's infringing activities are likely to cause and actually are causing confusion, mistake, and deception among members of the trade and the general consuming public as to the origin and quality of Defendant's Counterfeit Goods bearing the Chanel Marks.

61. Chanel has no adequate remedy at law and is suffering damages and irreparable injury as a result of Defendant's actions. Moreover, Defendant is receiving and retaining profits from its illegal activities.

## **PRAYER FOR RELIEF**

62. WHEREFORE, Chanel demands judgment on all Counts of this Complaint and an award of equitable relief and monetary relief against Defendant as follows:

  a. Entry of preliminary, and permanent injunctions pursuant to 15 U.S.C. § 1116 and Federal Rule of Civil Procedure 65 enjoining Defendant, its agents, representatives, servants, employees, and all those acting in concert or participation therewith, from manufacturing or causing to be manufactured, importing, advertising or promoting, distributing, selling or offering to sell its Counterfeit Goods; from infringing, counterfeiting, or diluting the Chanel Marks; from using the Chanel Marks, or any mark or trade dress similar thereto, in connection with the sale of any unauthorized goods; from using any logo, trade name, trademark or trade dress that may be calculated to falsely advertise the services or products of Defendant as being sponsored by, authorized by, endorsed by, or in any way associated with Chanel; from falsely representing themselves as being connected with Chanel, through sponsorship or association, or engaging in any act that is likely to falsely cause members of the trade and/or of the purchasing public to

believe any goods or services of Defendant are in any way endorsed by, approved by, and/or associated with Chanel; from using any reproduction, counterfeit, infringement, copy, or colorable imitation of the Chanel Marks in connection with the publicity, promotion, sale, or advertising of any goods sold by Defendant; from affixing, applying, annexing or using in connection with the sale of any goods, a false description or representation, including words or other symbols tending to falsely describe or represent Defendant's goods as being those of Chanel, or in any way endorsed by Chanel and from offering such goods in commerce; from engaging in search engine optimization strategies using colorable imitations of Chanel's name or trademarks; and from otherwise unfairly competing with Chanel.

      b.      Entry of an Order pursuant to 28 U.S.C. § 1651(a), The All Writs Act, that upon Chanel's request, the top level domain (TLD) Registry for the Subject Domain Name and any other domains used by Defendant or its administrators, including backend registry operators or administrators, place the Subject Domain Name on Registry Hold status for the remainder of the registration period for any such domain name, thus removing them from the TLD zone files which link the Subject Domain Name to the IP address where the associated website is hosted.

      c.      Entry of an Order pursuant to 28 U.S.C. § 1651(a), The All Writs Act, canceling for the life of the current registration or, at Chanel's election, transferring the Subject Domain Name and any other domain names used by Defendant to engage in its counterfeiting of the Chanel Marks at issue to Chanel's control so it may no longer be used for illegal purposes.

    d. Entry of an Order requiring the Seller ID, and any other alias seller identification names being used and/or controlled by Defendant to engage in the business of marketing, offering to sell, and/or selling goods bearing counterfeits and infringements of the Chanel Marks be disabled by the applicable governing Internet e-commerce platform for online stores, including, but not limited to, shopify.com.

    e. Entry of an Order requiring Defendant to account to and pay Chanel for all profits resulting from Defendant's trademark counterfeiting and infringing and unfairly competitive activities and that the award to Chanel be trebled, as provided for under 15 U.S.C. § 1117, or, at Chanel's election with respect to Count I, that Chanel be awarded statutory damages from Defendant in the amount of two million dollars ($2,000,000.00) per each counterfeit trademark used and product type sold, as provided by 15 U.S.C. § 1117(c)(2) of the Lanham Act.

    f. Entry of an award pursuant to 15 U.S.C. § 1117 (a) and (b) of Chanel's costs and reasonable attorneys' fees and investigative fees associated with bringing this action.

    g. Entry of an Order that, upon Chanel's request, any financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms, including but not limited to, PayPal, Inc., and their related companies and affiliates, identify and restrain all funds, up to and including the total amount of judgment, in all financial accounts and/or sub-accounts used in connection with the Subject Domain Name, Seller ID, or other alias website, seller identification or e-commerce store names used by Defendant presently or in the future, as well as any other related accounts of the same customer(s) and any other accounts which transfer funds into the same financial institution account(s), to be surrendered to Chanel in partial satisfaction of the monetary judgment entered herein.

    h. Entry of an award of pre-judgment interest on the judgment amount.

        i.       Entry of an Order for any further relief as the Court may deem just and proper.

DATED: December 20, 2017.       Respectfully submitted,

STEPHEN M. GAFFIGAN, P.A.

By: *s/Stephen M. Gaffigan*_____
Stephen M. Gaffigan (Fla. Bar No. 025844)
Virgilio Gigante (Fla. Bar No. 082635)
T. Raquel Wiborg-Rodriguez (Fla. Bar. No. 103372)
401 East Las Olas Blvd., #130-453
Ft. Lauderdale, Florida 33301
Telephone: (954) 767-4819
Facsimile: (954) 767-4821
E-mail: stephen@smgpa.net
E-mail: leo@smgpa.net
E-mail: Raquel@smgpa.net

Attorneys for Plaintiff, CHANEL, INC.

**SCHEDULE "A"**
**SUBJECT DOMAIN NAME AND SELLER ID**

| Subject Domain Name | Seller ID |
|---|---|
| mixmugstees.com | mixmugstees |

## SCHEDULE "B"
## PLAINTIFF'S FEDERALLY REGISTERED TRADEMARKS

| Trademark | Registration Number | Registration Date | Class(es)/Goods |
|---|---|---|---|
| (CC logo) | 4,074,269 | December 20, 2011 | IC 09- Protective covers for portable electronic devices, handheld digital devices, personal computers and cell phones<br>IC 18 - Key cases |
| CHANEL | 3,890,159 | December 14, 2010 | IC 09 - Cases for telephones<br>IC 18 - Key cases |
| CHANEL | 4,237,249 | November 6, 2012 | IC 09 - Protective covers and cases for portable media players, portable electronic devices, handheld digital devices, personal computers and cell phones |